IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ENEDINA ALVAREZ                 *

       Plaintiff           *

   vs.                          * CIVIL ACTION NO. PX-17-1010

JOSE CARMEN MAGANA ALVAREZ      *

       Defendant           *

\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM AND ORDER RE: MOTIONS IN LIMINE</u>

The Court has before it Petitioner's Motion in Limine to Exclude Respondent's Proposed Expert With Incorporated Memorandum of Law, and Request for Hearing [ECF No. 36], Petitioner's Motion in Limine to Exclude Inadmissible Portions of Respondent's Article 14 Declaration with Incorporated Memorandum of Law, and Request for Hearing [ECF No. 39]. The Court finds that a hearing is unnecessary.

I.   <u>PROCEDURAL BACKGROUND</u>

In brief,[1] Petitioner, Enedina Alvarez (the "Petitioner" or "Mother"), filed her Verified Petition for Return of the Children to Mexico and Issuance of Show Cause Order [ECF No. 1] ("Petition for Return")[2] on April 12, 2017. An evidentiary

---

[1] For a more detailed procedural background, refer to Memorandum and Order Re: Comity [ECF No. 41].
[2] Pursuant to The Convention on the Civil Aspects of

1

hearing was scheduled to be held on May 30, 2017, and the Court referred the case to a Magistrate Judge for confidential mediation[3] proceedings. Initial Scheduling Order, ECF No. 13. The Mother filed an Amended Verified Petition for Return of the Children to Mexico [ECF No. 11] on April 20, 2017, which added a request that this Court recognize and accord comity to the Mexico trial court's decision and the Mexico appellate court's decision.[4]

On April 26, 2017, the Court issued an Agreed Scheduling Order [ECF No. 16] based upon the parties' Consent Scheduling Order [ECF No. 15]. The Father filed his Answer [ECF No. 21] on May 10, 2017, denying that the Mother had legal custody over the children and denying that the children had been wrongfully removed from Mexico. Answer ¶¶ 35-39, ECF No. 21.

---

International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 et seq. (the "Hague Convention").

[3] Multiple mediation conferences were held, but the parties were unable to finalize an agreed resolution at the time of writing.

[4] These decisions were issued in relation to the Father's Hague Convention Petition for Return filed in Mexico against the Mother while the children were living with the Mother in Mexico. The appellate decision affirmed a lower Mexico court order finding that the Mother had not wrongfully retained the children in Mexico, and that the Father had consented for the children to live in Mexico with the Mother. The Court granted the Petitioner's request for comity. Memorandum and Order Re: Comity, ECF No. 41.

The Agreed Scheduling Order [ECF No. 16] required the parties to designate any experts on or before May 17, 2017. Respondent requested an extension of time for certain pre-trial filings, which was granted in part, extending the deadline to designate an expert witness until the close of business on May 24, 2017. Memorandum and Order 2, ECF No. 27. Respondent's Expert Designation [ECF No. 30] was timely filed, but it did not comply with Rule[5] 26(a)(2)(B). The Court also granted Respondent's request to delay the disclosure of declaration of foreign law until May 24, 2017, provided that an untranslated version of the document was provided to Petitioner's counsel by May 22, 2017. Id.

The Court also provided for relief to the Petitioner as a result of the extension:

> Petitioner may, at or before the trial hearing, request appropriate relief in response to the extensions herein, for example in regard to any rebuttal expert or continuance in part of the trial hearing for further cross examination of Respondent's witnesses or presentation of additional witnesses for the Petitioner.

Id.

By the current Motions in Limine, the Petitioner requests this Court to exclude Respondent's expert for failure to comply

---

[5] All "Rule" references herein are to the Federal Rules of Civil Procedure.

3

with the Rule 26 written report requirements and to redact[6] portions of the Respondent's Article 14 declaration of foreign law.

II. DISCUSSION

    A. Motion to Exclude Respondent's Expert

The broad purpose of the discovery rules is to enable parties to prepare for trial. "[D]iscovery is founded upon the policy that the search for truth should be aided." McDougall v. Dunn, 468 F.2d 468, 473 (4th Cir. 1972)(quoting Tiedman v. Am. Pigment Corp., 253 F.2d 803, 808 (4th Cir. 1958)). Article 11 of the Hague Convention contemplates an outside limit of six weeks from the date of filing for the determination of the merits of a wrongful removal case. Given such tight timelines, the parties must cooperate with each other to complete discovery expeditiously in advance of any evidentiary hearing that the Court conducts. Likewise, the Court and parties must operate under a more flexible standard to permit both sides a fair opportunity to develop their respective factual records.

---

[6] Petitioner included a proposed redacted declaration, ECF No. 39-2.

With regard to the instant motion to exclude expert testimony, Rule 26 provides:

> Unless otherwise stipulated or ordered by the court, [the expert witness] disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case . . . . The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(a)(2)(B). Additionally, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." Rule 26(4)(A).

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or

(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In evaluating whether a party's failure to comply with the disclosure requirement is harmless and substantially justified, courts consider the following factors:

> (1) the surprise to the party against whom the evidence would be offered;
> 
> (2) the ability of that party to cure the surprise;
> 
> (3) the extent to which allowing the evidence would disrupt the trial;
> 
> (4) the importance of the evidence; and
> 
> (5) the non-disclosing party's explanation for its failure to disclose the evidence.

<u>Bresler v. Wilmington Trust Co.</u>, 855 F.3d 178, 190 (4th Cir. 2017).

The Petitioner contends that she has been unfairly surprised by Respondent's failure to provide an expert report, the surprise cannot be cured, any attempt to cure would delay the trial, and there is no excuse to justify the Respondent's failure. The Court disagrees.

In the instant case, Petitioner was aware of Respondent's defense and his efforts to find an expert witness to testify on his behalf. Although the expert declaration submitted on May 24 generally described the opinions to be offered, Respondent has

now filed —an expert report to supplement this designation. See Supplement to Respondent's Expert Designation, ECF No. 43. Respondent also notes that he has made the expert available for Petitioner's counsel to interview.[7]

This is a bench trial during which the Court will give both parties ample opportunity to offer testimony that will aid the Court's decision-making process. The Court is certainly capable of determining the appropriate weight and probative value to give the testimony and to evaluate it under the clear and convincing standard necessary for the Respondent to establish his defense.

Likewise, Petitioner is not materially prejudiced by the court allowing the testimony of Respondent's expert. As already addressed in the Court's Order granting Respondent additional time to file the expert information, Petitioner is free to offer rebuttal testimony or further cross-examination. Such additional testimony, if required, can be scheduled promptly and need not interfere with the Petitioner's travel plans. Further, the Respondent shall, if he has not already, make the witness timely available for Petitioner to depose.

Accordingly, the Court shall deny Petitioner's motion to exclude Respondent's expert from testifying, and shall continue

---

[7] In her Reply, Petitioner indicates she had no response to her request to depose the witness.

7

to provide Petitioner with the opportunity to supplement as necessary in a timely manner with regard to this expert witness.

>   B.  Motion to Redact Declaration of Law

Article 14 of the Hague Convention on the Civil Aspects of International Child Abduction provides:

> In ascertaining whether there has been a wrongful removal or retention within the meaning of Article 3, the judicial or administrative authorities of the requested State may take notice directly of the law of, and of judicial or administrative decisions, formally recognized or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

The Hague Convention, Art. 14. Rule 44.1 states that "the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."

Petitioner requests that the Court redact the factual averments found in Respondent's declaration of foreign law. This exercise is unnecessary. The purpose of the parties' foreign law declarations is to aid the Court in determining the applicable foreign law. The Court will make its own findings of fact based on the evidence presented and not based on any declarant-witness's assumptions of what the facts may be. While

Petitioner is correct that the assumed "facts" stated by the declarant are irrelevant, it is unnecessary for the Court to redact the report because the Court remains the ultimate arbiter of the facts.

Accordingly, the Court shall deny Petitioner's motion to redact Respondent's Article 14 declaration.

III. CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion in Limine to Exclude Respondent's Proposed Expert With Incorporated Memorandum of Law, and Request for Hearing [ECF No. 36] is DENIED.
    a. Respondent's Proposed Expert may testify at trial on Monday, June 5, 2017.
    b. Respondent shall promptly make his Proposed Expert available for deposition by Petitioner.
    c. Petitioner shall be granted the ability to present rebuttal testimony to the Court in a timely manner prior to the closing of trial evidence.
2. Petitioner's Motion in Limine to Exclude Inadmissible Portions of Respondent's Article 14 Declaration with Incorporated Memorandum of Law, and Request for Hearing [ECF No. 39] is DENIED.

SO ORDERED, on Friday, June 2, 2017.

/s/
Paula Xinis
United States District Judge